# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 96-20490
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

BOBBY EUGENE GARNER                                  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-95-61)

_____

July 1, 1997

Before POLITZ, Chief Judge, DAVIS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bobby Eugene Garner appeals his conviction and sentence for possession of firearms by a convicted felon and receiving or possessing unregistered firearms. We affirm for the reasons assigned.

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

## I.    Denial of Motion to Suppress

Garner moved to suppress evidence obtained from searches of his residence. A search warrant authorized the first search of 2700 Sauer #1 and the arrest of "Bobby Gardner." The officers executed the warrant at 2704 Sauer, the only premises on the 2700 block, where they found a utility statement in the name of Bobby Eugene Garner. Garner contends that the warrant violated the particularity requirement of the fourth amendment because it contained faulty descriptions. We conclude that the district court did not err by denying Garner's motion because the evidence is admissible under the good faith exception to the exclusionary rule.[2] The warrant was not so facially deficient that the officers could not reasonably assume it to be valid. The executing officers had observed Garner entering the building at 2704 Sauer on several occasions, and there was no address posted on the building.

Garner also contends that the second search of 2704 Sauer was unconstitutional because he did not consent. On March 4, 1992 agents found a firearm while executing a search warrant at 2830 Dennis, a business Garner controlled. Garner was not present at the time of the search, so the agents went to 2704 Sauer to question him. ATF Agent Ballesteros testified that Garner admitted to owning the weapon and orally consented to a search after he was informed of his *Miranda* rights, although he refused to sign the

---

[2] **United States v. Gordon**, 901 F.2d 48 (5th Cir. 1990).

consent form.

Voluntariness of consent is a question of fact determined from the totality of the circumstances and is reviewable for clear error.[3]  Garner claims that he consented in acquiescence to the agent's authority and that his refusal to sign the form invalidated the oral consent.  Ballesteros testified that Garner's refusal to sign was not a withdrawal of consent and that he believed Garner simply did not want to sign the form.  The government maintains that Garner was not coerced: no weapons were brandished, no threats were made, and no handcuffs were used.  The district court found that Ballesteros was a credible witness and the consent was valid.  We are not persuaded that this finding was clearly erroneous.

## II.    Denial of Continuance to Replace Counsel

On the first day of trial Garner requested a continuance to substitute counsel.  The court denied his request, noting that he had not shown any conflict of interest and had not made any earlier complaints about the adequacy of his attorney.  Garner's contention that the court's ruling violated his sixth amendment right to counsel lacks merit.  Garner showed no substantive reason for delaying his request until the day of trial.  We find no abuse of discretion.

## III.    Evidentiary Ruling

---

[3]**United States v. Olivier-Becerril**, 861 F.2d 424 (5th Cir. 1988).

Garner sought to show that he did not have dominion and control over 2830 Dennis by impeaching a government witness who testified that the electricity at that location was in Garner's name. The court ruled that if Garner introduced evidence to rebut that testimony, the government could introduce extrinsic evidence explaining why Garner would want someone else's name on the account, specifically, evidence of drug dealing, prostitution, and the sale of stolen property. Rule 404(b) permits the admission of extrinsic acts to show motive, preparation, or a concerted plan. We find no abuse of discretion in the court's determination that the government's proposed evidence was relevant and that its probative value was not substantially outweighed by the danger of unfair prejudice.

## IV. Deliberate Ignorance Instruction

To prove that Garner unlawfully possessed an unregistered firearm the government had to show that Garner knew the gun was less than 26 inches long overall or had a barrel less than 18 inches long. The court instructed the jury that it could find that Garner knew the gun's characteristics if he deliberately closed his eyes to what would otherwise have been obvious to him. An instruction on deliberate ignorance permits the jury to convict a defendant without finding that he was aware of the existence of illegal conduct. It is appropriate when the defendant claims a lack of guilty knowledge and the proof supports an inference of deliberate indifference to such knowledge. Although the government

4

concedes that the instruction was improperly given in the instant case, we agree that such error was harmless.[4]

## V.    Sentencing

The district court enhanced Garner's sentence after it determined that he was an "armed career criminal," a defendant who has been convicted as a felon in possession of a firearm and has three prior convictions for violent felonies.[5]  Garner contends that his 1965 conviction for burglary of an auto parts store was not a "violent felony."

To determine whether Garner's conviction qualifies as a violent felony the district court had to apply the law of the jurisdiction in which he was convicted.[6]  Garner argues that under the applicable Texas law burglary requires entering a house, not an auto parts store.  This argument has no merit.  An offense can be characterized as a burglary, which is a violent felony, if: (1) its statutory definition substantially corresponds to the "generic" definition of burglary; or (2) the jury was required to find all the elements of generic

---

[4]**United States v. Cartwright**, 6 F.3d 294 (5th Cir. 1993).

[5]18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(a).

[6]**United States v. Martinez**, 962 F.2d 1161 (5th Cir. 1991).

burglary to convict the defendant.[7] The generic definition of burglary is the unlawful entry into a building with the intent to commit a crime. The district court did not err in using Garner's 1965 conviction to enhance his sentence.

Garner's conviction and sentence are AFFIRMED.

---

[7]**Taylor v. United States**, 495 U.S. 575 (1990).